# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

RAYMOND D. SMITH,          )
                              )
          Petitioner,      )
                              )
      v.                  )     No. 4:16-CV-00657-DGK
                              )     (Crim. No. 4:14-CR-00163-DGK-1)
UNITED STATES OF AMERICA,    )
                              )
          Respondent.    )

## ORDER DENYING MOTION TO CORRECT SENTENCE

Petitioner Raymond D. Smith ("Smith") pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and the Court sentenced him to 110 months' imprisonment.

Now before the Court are Smith's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) under 28 U.S.C. § 2255, Motion to Dismiss Case Without Prejudice (Doc. 12), and the Government's Motion to Lift Stay and Deny Pending 2255 Motion on the Merits (Doc. 11). Because the Supreme Court recently rejected Smith's argument in *Beckles v. United States*, 137 S. Ct. 886 (2017), his § 2255 motion and motion to dismiss without prejudice are DENIED. The Government's motion to dismiss on the merits is GRANTED.

## Background[1]

On October 31, 2014, Smith pled guilty to one count of being a felon in possession of a firearm, pursuant to a written plea agreement. Plea Agrmnt. (Crim. Doc. 23). In this agreement, Smith waived his right to attack his sentence, directly or collaterally, on any ground except

---

[1] The facts in this section derive from: (1) the criminal case record; and (2) the allegations in Smith's motion, taken as true except where they contradict the record. Because the facts in this light do not entitle Smith to relief, the Court denies him an evidentiary hearing and rules on the facts in the record. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (citing 28 U.S.C. § 2255(b)); Rules Governing Section 2255 Proceedings, Rule 8(a).

claims of ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence. *Id.* ¶ 15. The agreement defines an "illegal sentence" as one "imposed in excess of the statutory maximum," and states the term specifically "does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." *Id.* (emphasis in original). Smith does not challenge the validity of his plea agreement and this waiver.

On April 21, 2015, the Court sentenced Smith to 110 months' imprisonment after carefully considering the relevant factors and reviewing the United States Sentencing Guidelines (the "Guidelines"). In calculating Smith's Guidelines range, the Court found he was eligible for an enhanced base offense level because he had a prior conviction that qualified as a "crime of violence" under Guidelines § 4B1.2. Specifically, the Court adopted the Presentence Investigation Report ("PSR") finding that Smith's prior Missouri conviction for resisting arrest creating a substantial risk of serious injury or death qualified him for an enhancement under Guidelines § 2K2.1(a). *See* PSR ¶¶ 16, 40 (Crim. Doc. 24). The Guidelines calculation yielded an advisory imprisonment range of 84 to 105 months. The Court sentenced Smith to 110 months' imprisonment, 5 months above the Guidelines recommendation and 10 months below the statutory maximum. J. & Commitment (Crim. Doc. 27). Smith did not file a direct appeal.

Smith filed the instant motion on June 21, 2016. The Court withheld ruling while awaiting the Supreme Court's opinion in *Beckles*. That decision was handed down on March 6, 2017.

**Discussion**

I.      **The Court will not dismiss Smith's § 2255 motion without prejudice, and will consider the motion on its merits.**

The Court first addresses Smith's motion to dismiss his § 2255 motion without prejudice so he may file another motion pursuant to § 2255 without that motion being considered a second or successive petition requiring the permission of the Eighth Circuit to proceed (Doc. 12).  The Government opposes this motion, arguing the Court "should not allow a state or federal prisoner to voluntarily dismiss a post-conviction motion to avoid application of an impending or recently issued adverse decision." Gov't Mot. at 3 (Doc. 11).  Even if dismissing this motion without prejudice could allow Smith to file another § 2255 motion without permission from the Eighth Circuit, *cf. Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004) ("[I]f a petitioner clearly concedes upon withdrawal of a § 2255 petition that the petition lacks merit, the withdrawal is akin to a dismissal on the merits and subsequent petitions will count as successive . . . ."); *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997) ("[A] petitioner for habeas corpus cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits."), the Court will not acquiesce in this sort of gamesmanship.  Smith's motion to dismiss without prejudice is denied, and the Court will consider his § 2255 motion on its merits.

II.     **Smith's enhanced base level sentence did not deprive him of due process of law.**

A district court may vacate a sentence if it "was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  A § 2255 motion "is not a substitute for a direct appeal, and is not the proper way to complain about simple . . . errors." *Anderson v. United States,* 25 F.3d 704, 706 (8th Cir. 1994) (internal citation omitted).

Smith argues his prior conviction for resisting arrest no longer qualifies as a crime of violence in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court

decision invalidating the Armed Career Criminal Act's ("ACCA") residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). Smith contends that under *Johnson*, the Court's Guidelines calculation violated due process.

This argument is without merit. Smith was not sentenced under the ACCA, but instead under a similarly-worded provision in the Guidelines. *See* U.S.S.G. § 4B1.2. The Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause like the ACCA's residual clause was in *Johnson*. *Beckles*, 137 S. Ct. at 896. Unlike the ACCA, the Guidelines do not fix the permissible statutory range of punishment. *Id.* at 894. Instead, they merely guide the exercise of a sentencing court's discretion in choosing an appropriate sentence within the permissible range. *Id.* Here, Smith was sentenced to a term of imprisonment that was not in excess of the statutory maximum and, therefore, not an illegal sentence.

Because Smith's claim is based on the same vagueness challenge the Supreme Court rejected in *Beckles*, it is denied.[2]

### Conclusion

For these reasons, Smith's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) and Motion to Dismiss Case Without Prejudice (Doc. 12) are DENIED, and the Court declines to issue a certificate of appealability. The Government's Motion to Lift Stay and Deny Pending 2255 Motion on the Merits (Doc. 11) is GRANTED.

**IT IS SO ORDERED.**

Date:  August 30, 2017                              /s/ Greg Kays
                                                                    GREG KAYS, CHIEF JUDGE
                                                                    UNITED STATES DISTRICT COURT

---

[2] Indeed, Smith admitted that "[i]f *Beckles* holds that *Johnson* is not retroactively applicable to guidelines cases on collateral review, [his] case would necessarily be terminated." Pet.'s Mot. to Stay at 2 (Doc. 5). Here, there is nothing to be applied retroactively because the Supreme Court held that the Guidelines are not subject to a void-for-vagueness challenge. *Beckles*, 137 S. Ct. 886.